UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM R. KLEIN, JR.,

    Plaintiff,

v.                                              Case No. 8:10-CV-2264-T-27TBM

JASON MILLER, et al.,

    Defendants.
_____/

## ORDER

THIS matter is before the Court for consideration of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983 (Dkt. 1). Because Plaintiff is a prisoner who filed this action against governmental employees while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although the complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## DISCUSSION

Plaintiff is a Florida state prisoner. In his complaint, he names Officers Gilbert, Breakstone, Sweeting, Quinlan, Jackson, Castro, and John Doe who are all employed by the Sarasota Police Department, and Assistant State Attorney Jason Miller as defendants in this action.

**Plaintiff's Allegations**

Plaintiff's complaint alleges that on January 23, 2007, Gilbert used excessive force while arresting Plaintiff. Specifically, the complaint alleges Gilbert punched, kicked, and used a taser on Plaintiff after Plaintiff was handcuffed. Breakstone used a taser on Plaintiff after Plaintiff was handcuffed and not resisting arrest. As a result, Plaintiff suffered a broken hand, and scarring on his hands, knees, chin, and face. He also required surgery to place a metal plate in his face. The complaint next alleges that after Gilbert and Breakstone arrested and used excessive force on Plaintiff, Doe, Sweeting, Quinlan, Jackson, and Castro interrogated Plaintiff for more than eight hours and denied him the medical attention he needed for his injuries. As a result of the injuries and lack of medical attention, Plaintiff needed emergency surgery the next day. Finally, the complaint

alleges that "State Attorney Miller was aware of this brutality and showed deliberate indifference."

Plaintiff asserts that Defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment. As relief, Plaintiff seeks declaratory relief, and compensatory and punitive damages.

**Analysis**

Initially, Plaintiff's complaint alleges that Gilbert's and Breakstone's use of excessive force during the course of the arrest violated Plaintiff's rights under the Eighth Amendment. The Fourth Amendment, however, rather than the Eighth Amendment, governs Plaintiff's excessive force claim. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment...") (emphasis in original). Accordingly, Plaintiff's Eighth Amendment excessive force claim against Gilbert and Breakstone must be dismissed, without prejudice to Plaintiff asserting his claim under the Fourth Amendment.

Next, Plaintiff's complaint alleges that the defendants' deliberate indifference to Plaintiff's serious medical needs violated his rights under the Eighth Amendment. However, "[c]laims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause[.]" *Burkett v. Alachua County*, 250 Fed. Appx. 950, 953 n. 5 (11th Cir. 2007) (unpublished opinion) (quoting *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996)). Moreover, the Fourteenth Amendment "require[s] the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by police." *Thomas v. Town of Davie*, 847 F.2d 771, 772 (11th Cir. 1998) (quoting *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 245-46 (1983)). Accordingly,

3

Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim must be dismissed, without prejudice to Plaintiff asserting his claim under the Fourteenth Amendment.

Finally, the allegations regarding Miller's actions are insufficient to state a claim upon which relief may be granted. Plaintiff's complaint alleges that Miller, an assistant state attorney, "was aware of this brutality and showed deliberate indifference." Plaintiff cannot rely on "vague and conclusory allegations." *Epps v. Watson*, 492 F.3d 1240, 1242 (11th Cir. 2007). "Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998). "[T]he complaint must allege the relevant facts 'with some specificity.'" *Epps*, 492 F.3d at 1243 (quoting *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that in civil rights actions "a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.") (citations omitted)). The complaint does not assert any facts indicating how Miller was deliberately indifferent to Plaintiff's serious medical needs. Thus, the complaint does not state a claim against Miller that is plausible on its face. Accordingly, the claim against Miller must be dismissed, without prejudice to Petitioner amending his complaint.

### Leave to Amend

Within **thirty (30) days** from the date of this Order, Plaintiff shall submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

Plaintiff *must* limit the allegations in his amended complaint to claims related to the claims asserted in the original complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint. This case number should be written on the form.

3. Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

4. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court **shall**, without further notice, **dismiss** this action.

**DONE and ORDERED** in Tampa, Florida, on _January 24th_, 2011.

_____
JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to:
*Pro se* Plaintiff