UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM R. KLEIN, JR.,

    Plaintiff,

v.                                             Case No. 8:10-CV-2264-T-27TBM

DERRICK GILBERT, et al.,

    Defendants.
_____/

## ORDER

THIS matter is before the Court for consideration of Plaintiff's second amended complaint filed pursuant to 42 U.S.C. § 1983 (Dkt. 11). Because Plaintiff is a prisoner who filed this action against governmental employees while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although the complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## DISCUSSION

Plaintiff is a Florida state prisoner. In his second amended complaint, he names Officers Gilbert, Breakstone, Sweeting, Jackson, Quinlan and Castro, employees of the Sarasota Police Department, as defendants in this action.

### Plaintiff's Allegations

Plaintiff's second amended complaint alleges that on January 7, 2007, Defendants Gilbert and Breakstone used excessive force while arresting Plaintiff. Specifically, Gilbert punched, kicked, and used a taser on Plaintiff. Breakstone used a taser on Plaintiff after Plaintiff was subdued and cooperative. As a result, Plaintiff suffered a broken hand, and three broken bones in his face. At some unspecified time, Plaintiff was taken to the hospital. He needed surgery the following day to place a metal plate in his face.

The second amended complaint also alleges that at some unspecified time after Plaintiff was arrested and injured by Gilbert and Breakstone, Defendants Sweeting, Jackson, Quinlan, and Castro interrogated Plaintiff for more than eight hours and denied him medical attention even though he

complained that he was in pain.

The second amended complaint alleges that Defendants Gilbert and Breakstone violated Plaintiff's rights under the Fourth Amendment when they used excessive force during the course of the arrest, and Defendants Sweeting, Jackson, Quinlan, and Castro violated Plaintiff's rights under the Fourteenth Amendment when they failed to provide him with medical care. As relief, Plaintiff seeks declaratory relief, and compensatory and punitive damages.

## Analysis

The sequence of events as set forth by Plaintiff in his second amended complaint are vague and confusing. It is unclear from the factual allegations whether Plaintiff was taken to a hospital after he was arrested, but before he was interrogated, or whether he was arrested then interrogated for 8 hours prior to receiving any medical attention or going to the hospital.[1] On its face, the second amended complaint fails to state a plausible claim for relief against Defendants Sweeting, Jackson, Quinlan, and Castro. Therefore, Plaintiff shall file a third amended complaint in which he clarifies the sequence of events following his arrest and the alleged excessive use of force.

ACCORDINGLY, the Court **ORDERS** that:

1. For the reasons stated above, Plaintiff's second amended complaint (Dkt. 11) is **DISMISSED without prejudice**. Plaintiff is granted leave to file a third amended complaint, **on the court-approved form for filing a civil rights complaint**, that comports with this Order within **twenty (20) days** from the date of this Order. Plaintiff *must* limit the allegations in his third

---

[1] For example, the second amended complaint alleges that Plaintiff was "on pain medication" at the time he was interrogated, and that he "should of [sic] never been released from the hospital while broken up like I was..." (Dkt. 11 at p. 9). These allegations imply that Plaintiff was taken to a hospital or received medical attention prior to the interrogation.

3

amended complaint to claims related to the claims asserted in the second amended complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations.

Plaintiff is cautioned that he must clearly designate on the face of the document that it is the "Third Amended Complaint." Further, the third amended complaint must be retyped or rewritten **in its entirety** on the court-approved form and **may not incorporate any part of the original, amended, or second amended complaints by reference. The third amended complaint supersedes the prior complaints, and all claims must be raised in the third amended complaint.**

2. The **Clerk of Court** is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint. This case number should be written on the form.

**DONE and ORDERED** in Tampa, Florida, on _September 21st_, 2011.

_____
JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to:
*Pro se* Plaintiff