# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM R. KLEIN, JR.,

    Plaintiff,

v.                                                 Case No. 8:10-CV-2264-T-27TBM

DERRICK GILBERT, et al.,

    Defendants.
_____/

## ORDER

THIS matter is before the Court for consideration of Plaintiff's third amended complaint filed pursuant to 42 U.S.C. § 1983 (Dkt. 13). Because Plaintiff is a prisoner who filed this action against governmental employees while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although the complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## DISCUSSION

Plaintiff is a Florida state prisoner. In his third amended complaint, he names Officers Gilbert, Breakstone, Sweeting, Jackson, Quinlan and Castro, employees of the Sarasota Police Department, as defendants in this action.

### Plaintiff's Allegations

Plaintiff's third amended complaint alleges that on January 7, 2007, Defendants Gilbert and Breakstone used excessive force while arresting Plaintiff. Specifically, Gilbert punched, kicked, and used a taser on Plaintiff. Breakstone used a taser on Plaintiff after Plaintiff was subdued and cooperative. As a result, Plaintiff suffered scrapes, bruises, a broken hand, and broken bones in his face.

After he was arrested, Plaintiff was taken to a hospital and evaluated. Plaintiff was released from the hospital, then taken to jail.[1] Instead of taking Plaintiff to the jail's infirmary, Defendants Sweeting, Jackson, Quinlan, and Castro interrogated Plaintiff for six to eight hours in an

---

[1] He was scheduled for surgery the following day to place a metal plate in his face.

interrogation room. Plaintiff states that during the interrogation, Defendants Sweeting, Jackson, Quinlan, and Castro were aware of Plaintiff's injuries, and Defendants subjected him to "much pain and abuse." Plaintiff asserts that these Defendants violated his Fourteenth Amendment rights because he "should of [sic] been in the jailhouse infirmary under a doctor's care instead of the interrogation room."

As relief, Plaintiff seeks declaratory relief and punitive damages.

## Analysis

On its face, the third amended complaint fails to state a plausible claim for relief against Defendants Sweeting, Jackson, Quinlan, and Castro. The third amended complaint fails to allege facts showing a deliberate indifference to a serious medical need on the part of these Defendants.

In order to prove a claim for deliberate indifference to serious medical needs, Plaintiff must satisfy both an objective and subjective test. *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003). First, Plaintiff must demonstrate the existence of an objectively serious medical need. *Id.* Second, Plaintiff must prove that a jail official acted with an attitude of deliberate indifference to that medical need. *Id.* A showing of deliberate indifference has three components: (1) subjective knowledge on the part of the jail official that there is a risk of serious harm; (2) disregard of that risk; and (3) doing so by conduct that is more than mere negligence. *Id.* at 1245. An official can act with deliberate indifference, and not simply negligence, when he fails or refuses to obtain medical treatment for an inmate. *Id.* at 1246. A delay in the provision of medical treatment can also constitute deliberate indifference when, for example, a defendant delays provision of treatment for non-medical reasons. *Id.* When an inmate has received medical care, courts are reluctant to find deliberate indifference. *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989).

The allegations of the third amended complaint demonstrate that Plaintiff had a serious medical need, to wit, a broken hand and broken facial bones that required surgery. The allegations do not, however, show deliberate indifference to that need. According to Plaintiff, he was taken to a hospital immediately after being arrested and sustaining his injuries. After he was released from the hospital he was taken to the jail where he was interrogated. Plaintiff admits in his second amended complaint that while he was interrogated he was on pain medication (Dkt. 11 at 9). The following day, he was taken to the hospital where he had surgery on his face (Dkt. 13 at 10).

Plaintiff alleges that Defendants knew that he had injuries, and that the injuries caused him pain. Before he was interrogated, however, Plaintiff had been taken to the hospital for evaluation and treatment of his injuries, and he was given pain medication. An official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (citing *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1425 (11th Cir. 1997)). The allegations of the third amended complaint do not show that Defendants Sweeting, Jackson, Quinlan, and Castro were aware of any specific risk urgently requiring that Plaintiff go immediately to the jail's infirmary for further medical attention. Nor is there any allegation that Defendants' interrogation of Plaintiff was against medical order or advice. There is no allegation that Defendants' interrogation caused a delay in Plaintiff's medical treatment. Finally, Plaintiff does not even allege that during the interrogation, he requested medical treatment.

In sum, the allegations of the third amended complaint fail to show that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Further, there is no allegation that the

interrogation delayed medical treatment or worsened Plaintiff's medical condition. *See Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176 (11th Cir. 1994).

ACCORDINGLY, the Court **ORDERS** that:

1. For the reasons stated above, the claims against Defendants Sweeting, Jackson, Quinlan, and Castro are **DISMISSED with prejudice**.

2. Plaintiff's third amended complaint (Dkt. 13) is **DISMISSED without prejudice**. Plaintiff is granted leave to file a fourth amended complaint, **on the court-approved form for filing a civil rights complaint**, that comports with this Order within **twenty (20) days** from the date of this Order. Plaintiff *must* limit the allegations in his fourth amended complaint to his claim that on January 7, 2007, Defendants Gilbert and Breakstone used excessive force while arresting Plaintiff.

Plaintiff is cautioned that he must clearly designate on the face of the document that it is the "Fourth Amended Complaint." **Further, the fourth amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original, amended, second, and third amended complaints by reference. The fourth amended complaint supersedes the prior complaints, and all claims must be raised in the fourth amended complaint.**

2. The **Clerk of Court** is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint. This case number should be written on the form.

**DONE AND ORDERED** in Tampa, Florida, on *October 19th*, 2011.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to: *Pro se* Plaintiff